# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND LEBOUEF** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:12-cv-01683-CJB-JCW** |
| **LOUISIANA INTERNATIONAL MARINE, L.L.C.** | **SECTION "J" (2)** |
| | **JUDGE BARBIER** |
| | **MAGISTRATE JUDGE WILKINSON** |

### DEFENDANT LOUISIANA INTERNATIONAL MARINE, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S *SEAMAN'S COMPLAINT*

**NOW INTO COURT,** through undersigned counsel, comes Defendant Louisiana International Marine, L.L.C., who for its *Answer* and *Affirmative Defenses* to Plaintiff's *Seaman's Complaint* (*Court Record, Doc. No. 1*), avers upon information and belief as follows:

1.

The allegations of fact contained in paragraph I of Plaintiff's *Seaman's Complaint* are admitted.

2.

The allegations of fact contained in paragraph II of Plaintiff's *Seaman's Complaint* require no answer from Defendant Louisiana International Marine, L.L.C. To the extent an answer is required, the allegations of fact contained in paragraph II of Plaintiff's *Seaman's Complaint* are denied.

3.

The allegations of fact contained in paragraph III of Plaintiff's *Seaman's Complaint* are admitted insofar as Defendant Louisiana International Marine, L.L.C.

operated the M/V LA COMMANDER at all times material hereto. Except as specifically so admitted, the allegations of fact contained in paragraph III of Plaintiff's *Seaman's Complaint* are denied.

4.

The allegations of fact contained in paragraph IV of Plaintiff's *Seaman's Complaint* are admitted.

5.

The allegations of fact contained in paragraph V of Plaintiff's *Seaman's Complaint* are denied.

6.

The allegations of fact contained in paragraph VI of Plaintiff's *Seaman's Complaint* are denied.

7.

The allegations of fact contained in paragraph VII of Plaintiff's *Seaman's Complaint* are denied.

## SECOND CAUSE OF ACTION

8.

The allegations of fact contained in paragraph VIII of Plaintiff's *Seaman's Complaint* contain legal conclusions that require no answer from Defendant Louisiana International Marine, L.L.C. To the extent an answer is required, the allegations of fact contained in paragraph VIII of Plaintiff's *Seaman's Complaint* are denied as an incomplete statement of the applicable law.

9.

The allegations of fact contained in paragraph IX of Plaintiff's *Seaman's Complaint* are denied for lack of knowledge or information sufficient to justify a belief therein.

10.

The allegations of fact contained in paragraph X of Plaintiff's *Seaman's Complaint* are denied.

### THIRD CAUSE OF ACTION

11.

The allegations of fact contained in paragraph XI of Plaintiff's *Seaman's Complaint* are denied.

12.

Any and all allegations of fact contained in the prayer for relief and any non-numbered paragraphs are denied.

### JURY DEMAND

Defendant Louisiana International Marine, L.L.C. demands a trial by jury on all issues in this litigation.

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's *Seaman's Complaint* fails to state a claim or cause of action against Defendant Louisiana International Marine, L.L.C. upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant Louisiana International Marine, L.L.C. affirmatively shows that Plaintiff's injury was caused by Plaintiff's sole fault and/or negligence and/or inattention and/or omissions, and Plaintiff's comparative negligence is specifically pled as a complete and total bar to, or in diminution of, any recovery by Plaintiff in this action. It is specifically denied that Defendant Louisiana International Marine, L.L.C. was negligent in any way, or in any way caused and/or contributed to any injury allegedly sustained by Plaintiff in this action.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Louisiana International Marine, L.L.C. affirmatively shows that Plaintiff sustained no injury as a result of any breach of any contractual or legal duty owed to Plaintiff by Defendant Louisiana International Marine, L.L.C., for which he may recover any amounts whatsoever therefor.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant Louisiana International Marine, L.L.C. affirmatively shows that the M/V LA COMMANDER, and all of its appurtenances, were at all times tight, staunch, seaworthy, well-equipped, and in all respects reasonably fit for their intended purposes, with an appropriate, adequate, and competent crew aboard.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant Louisiana International Marine, L.L.C. affirmatively shows that Plaintiff suffered no special damages as Plaintiff continued working aboard the M/V LA COMMANDER at all times material hereto, and Defendant Louisiana International

Marine, L.L.C. paid for all medical expenses through Plaintiff being released to full duty employment, no restrictions, on or about June 14, 2012.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Louisiana International Marine, L.L.C. affirmatively shows that Plaintiff has no factual basis on which to claim: (1) recovery of maintenance and cure; (2) any willful or wanton refusal to pay maintenance and cure; and/or (3) punitive and exemplary damages for the willful or wanton refusal to pay maintenance and cure; as Plaintiff continued working aboard the M/V LA COMMANDER at all times material hereto, and Defendant Louisiana International Marine, L.L.C. paid for all medical expenses through Plaintiff being released to full duty employment, no restrictions, on or about June 14, 2012.

## SEVENTH AFFIRMATIVE DEFENSE

**LIMITATION OF LIABILITY:**

There is no liability whatsoever on the part of Defendant Louisiana International Marine, L.L.C. and/or the M/V LA COMMANDER by reason of the matters alleged in Plaintiff's *Seaman's Complaint*. However, in the event that it is held that there is liability on the part of Defendant Louisiana International Marine, L.L.C. and/or the M/V LA COMMANDER, which is expressly denied, then Defendant Louisiana International Marine, L.L.C. pleads and alleges the following:

   a.   The occurrence referred to in Plaintiff's *Seaman's Complaint* was caused without the privity and/or knowledge of Defendant Louisiana International Marine, L.L.C.;

   b.   The amount of damages could possibly exceed the amount or value of Defendant Louisiana International Marine, L.L.C.'s interest, if any, in the M/V LA COMMANDER; and

    c.    By reason thereof, Defendant Louisiana International Marine, L.L.C. invokes the benefits of the Revised Statutes of the United States, specifically 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the Acts amendatory thereto and supplementary thereof, in limitation of the liability of shipowners, under which provisions should there be any liability whatsoever on the part of Defendant Louisiana International Marine, L.L.C., by and/or for any reason of the matters, individually or collectively, set forth in Plaintiff's *Seaman's Complaint*, that neither Plaintiff nor any other party hereto is entitled to recover damages in a sum in excess of the amount of Defendant Louisiana International Marine, L.L.C.'s interest in the M/V LA COMMANDER.

**WHEREFORE,** Defendant Louisiana International Marine, L.L.C. prays that its *Answer and Affirmative Defenses* be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of Defendant Louisiana International Marine, L.L.C., dismissing Plaintiff's *Seaman's Complaint*, with prejudice and at his cost, and for all other legal, equitable, and general relief to which Defendant Louisiana International Marine, L.L.C. may be entitled.

Respectfully submitted on July 31, 2012.

        WAITS, EMMETT & POPP, L.L.C.

        <u>s/Matthew F. Popp</u>
        MATTHEW F. POPP  (24608)  T.A.
        RANDOLPH J. WAITS  (13157)
        JOHN F. EMMETT  (1861)
        JORDAN N. TEICH  (32254)
        MARK A. HILL  (33891)
        1515 Poydras Street, Suite 1950
        New Orleans, Louisiana  70112
        Telephone:   (504) 581-1301
        Facsimile:   (504) 585-1796
        E-mail:        mpopp@wep-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

                                        s/Matthew F. Popp
                                        MATTHEW F. POPP