UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LEBOUEF                                        CIVIL ACTION

VERSUS                                         NO: 12-1683

LOUISIANA INTERNATIONAL                        SECTION: "J" (2)
MARINE, LLC.

                          **ORDER AND REASONS**

Before the Court are Defendant's **Motion to Dismiss Plaintiff's Third Amended Seaman's Complaint (Rec. Doc. 22)** and Plaintiff's opposition to same **(Rec. Doc. 23)**. Defendant's motion was set for hearing on December 5, 2012, on the briefs, without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED in part** and **DENIED in part** for the reasons set out more fully below.

            **PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of personal injury claims brought under general maritime law and the Jones Act. On June 28, 2012, Plaintiff, Raymond LeBouef, filed this action, naming as

1

Defendant Louisiana International Marine, LLC.

In his initial complaint, Plaintiff alleges that he was injured while working aboard a vessel, M/V LA. COMMANDER, owned by Defendant. Plaintiff alleges that his injuries were caused by Defendant's negligence and/or the unseaworthy conditions aboard the vessel. Plaintiff seeks, among other remedies, maintenance and cure.

On June 28, 2012, Plaintiff amended his complaint to delete any reference to a jury trial and to clarify his prayer for relief. Am. Compl., Rec. Doc. 3. Defendant answered both Plaintiff's complaint and amended complaint on July 31, 2012. Answers, Rec. Docs. 4, 5. On August 16, 2012, Plaintiff requested leave to amend his complaint a second time, seeking to clarify the jurisdictional basis of the suit and to designate the action as one proceeding under Federal Rule of Civil Procedure 9(h). Second Mot. to Am. Compl., Rec. Doc. 8-2. The Magistrate Judge granted Plaintiff's request on August 31, 2012, after Defendant withdrew its opposition to Plaintiff's request. See Rec. Doc. 12.

Subsequently, on October 10, 2012, Plaintiff requested leave to amend his complaint a third time, this time seeking to add a fourth cause of action for retaliatory discharge under maritime law. Third Mot. to Am. Compl., Rec. Doc. 15-2. Defendant opposed

Plaintiff's request, arguing that (1) Plaintiff had failed to show good cause for granting leave to modify the Court's scheduling order, and (2) that Plaintiff's amended complaint was subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Def. Opp. to Pl.'s Third Mot. to Amend. Compl., Rec. Doc. 16. On October 30, 2012, the Magistrate Judge granted Plaintiff's request to file a third amended complaint, noting that Plaintiff had established "good cause" for amending after the scheduling order deadline under Rule 16. Rec. Doc. 20, p. 2. The Magistrate Judge did not address Defendant's arguments under Rule 12(b)(6), focusing only on the Rule 15 and Rule 16 analysis. See Rec. Doc. 20.

On October 30, 2012, Plaintiff's amended complaint was filed into the record, and on November 15, 2012, Defendant filed the instant Motion to Dismiss for Failure to State a Claim. Rec. Doc. 22. Plaintiff responded in opposition on November 26, 2012.

## THE PARTIES' ARGUMENTS

Defendant argues that Plaintiff's third amended complaint should be dismissed because it fails to state a claim for which relief can be granted. Specifically, Defendant contends that Plaintiff's retaliatory discharge claim is conclusory, and that Plaintiff has failed to allege any facts supporting his claim for

3

relief.

In response, Plaintiff contends that his amended complaint clearly alleges that he is entitled to recover the damages he sustained when Defendant unlawfully discharged him in retaliation for filing the instant personal injury action. Plaintiff contends that this allegation is supported by deposition testimony.[1] Furthermore, Plaintiff asserts that by allowing him to amend his complaint and add the retaliatory discharge claim, "this Court has already ruled upon the merits of Defendant's Rule 12(b)(6) argument and ruled in Plaintiff's favor." Pl.'s Opp., Rec. Doc. 23, p. 2. Alternatively, Plaintiff requests that the Court grant him leave to amend if it finds fault with his pleading.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v.

---

[1] Plaintiff reports that "subsequent investigation revealed that Plaintiff was fired solely in retaliation for filing this suit." Pl.'s Opp., Rec. Doc. 23, p. 1. Furthermore, Plaintiff explains that he learned this information because a "mate on his vessel told him [that he was] banned from the vessel because he had retained a lawyer." Pl.'s Opp., Rec. Doc. 23, p. 1. Plaintiff notes that he stated this in his deposition; however, he explains that the deposition transcript had not been prepared as of the time he filed his response. Pl.'s Opp., Rec. Doc. 23, p. 1 n. 1.

Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

Plaintiff's third amended complaint adds a retaliatory discharge claim that reads as follows,

> At all times material herein there was cognizable under the General Maritime Law of the United States and ancillary to the aforementioned Jones Act, 46 U.S.C. 688, a cause of action for damages on account of the

5

>unlawful and retaliatory discharge of a seaman when the discharge offends established public policy and/or seaman is discharged for exercising a lawful and/or statutory right, and as a direct result of plaintiff's tortuous [sic] retaliatory discharge by defendant, plaintiff has sustained, and will continue to sustain in the future lost income (including benefits) and the impairment of earning capacity in the future.

Rec. Doc. 21, pp. 1-2. No other facts with respect to this claim are included in the third amended complaint or Plaintiff's previous complaints. In particular, the Plaintiff has not alleged which lawful and/or statutory right he was fired for exercising, that his employer knew of Plaintiff's protected action, and that his employer terminated him for that action. Despite Plaintiff's arguments to the contrary, it is certainly not clear from the above-quoted excerpt that Plaintiff has alleged that he was terminated for filing this suit or for taking any other protected actions. Rather, Plaintiff has merely made a conclusory statement that he has an action for retaliation. Even under the liberal pleading standards of Rule 8, such a statement is not sufficient. Therefore, this Court finds that Plaintiff has failed to state a

claim for retaliatory discharge.[2] Notwithstanding this finding, because it appears from Plaintiff's opposition that he might be able to state a claim if he were to allege facts in connection with his conclusory argument, this Court finds that rather than simply dismissing the complaint, Plaintiff should be granted leave to amend. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED in part** and **DENIED in part.**

To the extent that Defendant requests that Plaintiff's third amended complaint alleging a claim for retaliatory discharge be dismissed, it is **GRANTED**; however, because it appears that the defects in Plaintiff's pleading can be cured by amendment, Plaintiff's complaint is **DISMISSED without prejudice.** Consequently, Plaintiff is **GRANTED** leave to amend his pleading as to his retaliatory discharge claim in accordance with this Order. Plaintiff must submit an amended complaint to this Court within twenty-one (21) days of entry of this Order. Failure to amend Plaintiff's complaint within the required period will result in dismissal of this claim with prejudice.

---

[2] In response to Plaintiff's argument that the Magistrate Judge previously decided the Rule 12(b)(6) challenge when he granted the Plaintiff leave to amend, the Court notes that even a cursory reading of the Magistrate Judge's order reveals that he never broached the question of Rule 12(b)(6) dismissal, but rather only addressed the amendment under Rules 15 and 16.

New Orleans, Louisiana this 20th day of December, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE